IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ELVIS MOTA, #53342-054                                                                                      PLAINTIFF

VERSUS                                             CIVIL ACTION NO. 5:11-cv-92-DCB-RHW

CORRECTIONS CORPORATION OF AMERICA, et al.                              DEFENDANTS

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. On June 23, 2011, Plaintiff Mota, an inmate of the Bureau of Prisons ("BOP") currently incarcerated at the Adams County Correctional Center ("ACCC"), Natchez, Mississippi, filed this *pro se* Complaint pursuant to the Privacy Act. *See* 5 U.S.C. § 552a. Plaintiff's request to proceed *in forma pauperis* was granted on October 13, 2011. Upon liberal review of the Complaint [1] and Amended Complaint [7] the Court has reached the following conclusions.

I. Background

Plaintiff was convicted of conspiracy to distribute and possession of a controlled substance with intent to distribute in the United States District Court for the Southern District of New York. *U.S. v. Mota*, No. 1:05-cr-1301 (S.D. N.Y. Jan. 30, 2007). As a result, Plaintiff was sentenced to serve 130 months in the custody of the Bureau of Prisons, followed by a 4-year term of supervised release. Plaintiff's conviction and sentence was affirmed by the United States Court of Appeals for the Second Circuit. *See U.S. v. Mota*, No. 07-0221 (2nd Cir. June 24, 2008).

    A.  Southern District of New York filings

On April 22, 2009, Plaintiff filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the sentencing court construed as a Motion to Vacate pursuant to

28 U.S.C. § 2255. The Motion was dismissed by the Southern District of New York as time-barred. *See Mota v. USA*, No. 1:09-cv-5189 (S.D.N.Y. Oct. 30, 2009). On July 15, 2010, Plaintiff filed another *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the sentencing court deemed an unauthorized second or successive § 2255 Motion and transferred to the Second Circuit. *See Mota v Laughlin*, No. 1:10-cv-6698 (S.D. N.Y. Sept. 9, 2010). On January 25, 2011, the Second Circuit denied Mota permission to proceed with the second or successive petition. *See Mota v. Laughlin*, No. 10-4317 (2nd Cir. Jan. 25, 2011).

Plaintiff also filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, § 1985, § 1986, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that various officials violated his federally protected rights when he was arrested, searched, subsequently prosecuted, and convicted. The Southern District of New York dismissed Mota's claims, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), Fed. R. Civ. P. 12(h)(3), and *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Mota v. DEA*, No. 1:10-cv-9543 (S.D. N.Y. May 3, 2011).[1]

### B. Southern District of Mississippi filings

On May 19, 2011, Plaintiff filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in this Court. *See Mota v. Laughlin*, No. 5:11-cv-79 (S.D.Miss. Oct. 21, 2011). Plaintiff asserted allegations he previously presented to the Southern District of New York and the Second Circuit, regarding his arrest, prosecution and conviction and added claims regarding the validity of the immigration detainer lodged against him. Plaintiff also claimed that

---

[1] Plaintiff also filed a case involving the same facts under the Federal Tort Claims Act, which was dismissed by the Southern District of New York pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Mota v. USA*, No. 1:10-cv-9623 (S.D.N.Y. Feb. 23, 2011).

his constitutional right of access to the courts was violated by a mail conspiracy between two Assistant United States Attorneys and prison officials.  This Court determined that it was without jurisdiction to consider the claims brought in the § 2241 case and dismissed the action.[2]

In the instant case, all of Plaintiff's claims are based on the premise that his criminal conviction and sentence are illegal, therefore, the only basis for his custody by the BOP is an immigration detainer.  Plaintiff contends that the BOP and ACCC have inaccuracies in his prison records because they reflect he is a convicted felon serving a federal sentence as opposed to being an immigration detainee.  Hence, these inaccurate records violate the Privacy Act.   Plaintiff further alleges that as a result of these inaccurate records, ACCC personnel illegally obtained a DNA sample for him in compliance with the Justice for All Act.[3]  Plaintiff avers that the Act applies to federal inmates and not immigration detainees, thus prison personnel were not authorized to obtain the DNA sample.

In Plaintiff's Amended Complaint, he sets forth his claims in four categories, (1) Privacy Act claims;  (2)  First Amendment claims;  (3)  Fourth Amendment claims;  (4)  Eighth Amendment claims;  and (5)  Fourteenth Amendment claims.  The claims in his Amended Complaint under the category of Privacy Act claims and Fourth Amendment claims mirror the allegations in his original Complaint.  The claim he attempts to asserts under the First

---

[2]Specifically, the Court concluded that Mota was challenging the validity of his conviction and sentence, that he failed to satisfy the requirements of the savings clause, that he was not in custody for purposes of the immigration detainer, that his access to the Court claims had already been litigated and any recent conditions claims were not properly pursued in a habeas petition.  *See Mota v. Laughlin*, No. 5:11-cv-79 (S.D.Miss. Oct. 21, 2011)(citing § 2255(e); *Pack v. Yusuff,* 218 F.3d 448, 454 (5th Cir. 2000); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 (5th Cir. 1987)).

[3]*See* 42 U.S.C. § 14135a(a)(1)(B), (d)(1), which authorizes the collection of DNA from any person in the custody of the BOP that has been convicted of a felony.

Amendment, which he describes as a "restriction on access to the courts" details the chronology of his habeas corpus filings in the Southern District of New York and in this Court.  Am. Compl. [7] at 14.  Plaintiff's claim under the Eighth Amendment is that he is being held without a valid conviction and prison sentence, therefore he is suffering from cruel and unusual punishment.  As for his final claim purported to be under the Fourteenth Amendment, Plaintiff alleges that the "totality of the circumstances discussed in detail above" contributed to various mental and physical conditions ranging from nightmares to hypertension.  *Id*. at 16.  As relief in this suit, Plaintiff is requesting monetary damages.

**II.  Analysis**

Title 28 U.S.C. §1915 applies to prisoners proceeding *in forma pauperis* in this Court.  Section 1915(e)(2) provides  that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A*., 23 F.3d 94, 97 (5th Cir. 1994).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the

4

filing of the answer." *Id.*  The Court has permitted Plaintiff to proceed *in forma pauperis* in this action, therefore his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

First, this Court, relying on the Court records of Plaintiff's criminal case and subsequent habeas cases cited above, takes Judicial Notice that Plaintiff is a federal inmate convicted of a federal offense currently serving a sentence of imprisonment that has not been overturned or invalidated by any Court. *See Bryson v. U.S.*, 553 F.3d 402, 404 (5th Cir. 2008)("This court may take judicial notice of prior habeas proceedings brought by this appellant in connection with the same conviction."); *Brown v. Lippard*, 472 F.3d 384, 387 (5th Cir. 2006)(upholding judicial notice regarding existence of testimony because it was "not subject to reasonable dispute" and it was "capable of accurate and ready determination").  With that said, the Court finds that to the extent the BOP records reflect that Plaintiff has been convicted of a federal offense these records are accurate.  However, the Court will address each claim set forth by the Plaintiff.

The Privacy Act requires the BOP to "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).  The BOP, in compliance with the provisions of the Privacy Act, promulgated regulations exempting its Inmate Central Records System from the remedial provisions of the Act.  *See* 5 U.S.C. § 552a(e)(5), (g);  28 C.F.R. § 16.97(a)(4), (j); *Flores v. Fox*, No. 09-40159, 2010 WL 3522035, *1 (5th Cir. Sept. 10, 2010)(citing *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C.Cir.2006))(affirming dismissal of Privacy Act claim for damages because records exempt from accuracy provisions).  Thus, even if Plaintiff were able to establish an inaccuracy in his prison record, the record itself is exempt from the provisions of the

Privacy Act and relief would not be available.

Since Plaintiff is currently serving a sentence of imprisonment for a federal criminal conviction, his claim that the Justice For All Act does not apply to him must fail.  Plaintiff does not dispute that the Act authorizes the BOP to obtain DNA samples from federal inmates but instead asserts that it does not apply to him because he is a immigration detainee.  For this same reason, Plaintiff's claims under the Eighth Amendment also fail.  Plaintiff's belief that his conviction and sentence are invalid because he was unable to purse habeas corpus relief, resulting in cruel and unusual punishment, is simply without merit.  Likewise, the "totality of the circumstances" fail to establish any violation under the Fourteenth Amendment entitling Plaintiff to relief.  Am. Compl. [7] at 16.

Plaintiff's claim he purports to assert under the First Amendment, fares no better.  As support for this claim, Plaintiff reasserts his belief that the Southern District of New York illegally transferred his § 2241 habeas petition to this Court.  Plaintiff further claims that he was unable to meet the filing fee requirements for this transferred § 2241 case, resulting in the dismissal of the proceedings, "frustrating his efforts to pursue Habeas Corpus." *Id.* at 15.  As detailed above (and explained to the Plaintiff in his previous case), the Southern District of New York did not transfer a habeas case filed by the Plaintiff to this Court.  Furthermore, Plaintiff's § 2241 habeas petition pursued in this Court was not dismissed for his failure to pay the filing fee.  As such, Plaintiff is not entitled to relief on this claim.

## III. Conclusion

In sum, Plaintiff is a federal inmate convicted of a federal offense currently serving a sentence of imprisonment that has not been overturned or invalidated by any Court.  Thus,

Plaintiff's prison records reflecting such are accurate and Plaintiff it not entitled to relief under the Privacy Act.

Consequently, this Complaint will be dismissed with prejudice as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Since this case is dismissed pursuant to these provisions of the Prison Litigation Reform Act, it will be counted as a "strike" pursuant to 28 U.S.C. § 1915(g). If the Plaintiff receives "three strikes" he will be denied IFP status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be issued.

SO ORDERED, this the  25th  day of January, 2012.

                           s/David Bramlette
                           UNITED STATES DISTRICT JUDGE